# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02551-KMT

Katherine Divis,

       Plaintiff,

v.

SkyWest Airlines, Inc.,
a Utah corporation,

       Defendant.

___

# STIPULATED PROTECTIVE ORDER
___

Under Fed. R. Civ. P. 26(c), upon a showing of good cause in support of the entry of a stipulated protective order to protect the discovery and dissemination of trade secrets or other confidential research, development, personnel or commercial information and information that will improperly annoy, embarrass, or oppress any party, witness, or person in this case,

IT IS ORDERED:

1.      This Stipulated Protective Order shall apply to all documents, materials, and information, including without limitation, initial disclosures, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, designated deposition exhibits, designated testimony taken at a hearing or other proceeding, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.     As used in this Stipulated Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

3.     Confidential documents, materials, and information (collectively, the "Confidential Information") shall not be disclosed or used for any purpose except the preparation and trial of this case. The duty to keep Confidential Information confidential survives the completion of this case.

4.     Information designated "Confidential" shall be information that is confidential and implicates common law and/or statutory privacy interests. Confidential Information may also include private financial, employment, or medical information of Plaintiff Katherine Divis ("Plaintiff"), confidential business information about Defendant SkyWest Airlines, Inc. ("Defendant"), and Confidential Information about Defendant's employees and job applicants, contained in employer records, employee personnel files, and/or portions of documents that contain information generally considered to be confidential such as social security numbers, dates of birth, and other personally identifiable information. As a condition of designating documents for confidential treatment, the documents must be reviewed by a party's legal counsel and a good faith determination must be made that the documents are entitled to protection.

5.     A party designating documents as Confidential Information may do so by marking such material with the legend "Confidential."

6.     Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as Confidential and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential

after transcription, provided written notice is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

7. The parties recognize that Confidential Information may include, but is not limited to, sensitive and non-public information and records concerning compensation, job applicants to Defendant, Plaintiff's personnel record, Defendant's hiring processes and criteria, personnel decisions,and other documents related to the Defendant's employees.

8. All Confidential Information designated "Confidential" may be reviewed only by the following persons:

   a. the respective parties' legal counsel working on this case;

   b. persons regularly employed or associated with the respective parties' legal counsel whose assistance is required by said attorneys in the preparation of the case, at trial, or at other proceedings in this case;

   c. the parties, including Plaintiff's and Defendant's representative(s) and any designated advisory witnesses who are directly assisting said attorneys in the preparation of this case;

   d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

   e. the Court and its employees in any proceeding herein;

   f. stenographic or videographer reporters who are engaged in proceedings necessarily incident to the conduct of this action;

   g. deponents, witnesses, or potential witnesses during the course of their testimony and in preparation for testimony; and

        h.   other persons by written agreement of the parties.

    9.   Before the parties or their counsel may disclose any Confidential Information to persons contemplated by Subparagraphs 8(d), 8(g), and 8(h) of this Stipulated Protective Order, other than a witness during his or her testimony, such person shall be provided a copy of this Stipulated Protective Order and obtain from such person a written acknowledgment stating that he or she has read the Stipulated Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to an in camera review by the Court if opposing counsel demonstrates good cause for review. In the event any counsel of record determines that persons other than those referenced in Paragraph 8 above have a need to review any Confidential Information, written authorization of the party who produced the Confidential Information must be obtained in advance of such disclosure. This disclosing counsel will need to follow the notice and acknowledgment procedure set forth in this paragraph, prior to disclosing Confidential Information to a third party that is not referenced in Paragraph 8 above. Should the party who produced the Confidential Information refuse such authorization, counsel may apply to the Court for authorization.

    10.   A party may object to the designation of particular Confidential Information by giving written notice to the party that designated the disputed information and all other parties to the civil action through their attorneys of record. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the court determine whether the disputed information shall be treated as Confidential under the terms of this Stipulated Protective Order until the Court rules on the motion. If the designating party

fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information. Any designation of Confidentiality or challenge of a designation of Confidentiality shall be governed by Fed. R. Civ. P. 26(c)(1).

11. The duty to keep confidential any information or documents designated as Confidential survives the completion of this case. Within thirty (30) days after the conclusion of this litigation, unless other arrangements are agreed upon, each document and copies thereof which have been designated as Confidential shall be stored by counsel in a manner that precludes others, including the parties and their agents (other than undersigned counsel), from obtaining such documents (whether originals or copies, hardcopy or electronic format). Moreover, any information labeled Confidential Information in the possession or control of any person or entity listed in paragraph 8 above, other than legal counsel working on the case, shall return the Confidential Information to her, his, or its respective legal counsel or otherwise permanently destroy or delete such information.  Copies of all deposition transcripts referring to Confidential Information shall be sealed by counsel. The parties will continue to be bound by the terms of this Protective Order with respect to any Confidential document or deposition transcript referring to a Confidential document stored by counsel after the conclusion of this litigation. This Court shall retain jurisdiction over this Order, the foregoing stipulation, and the parties hereto for the purposes of enforcing said Order and stipulation and adjudicating claims of breaches thereof and administering damages and other remedies related thereto.

12. The Court expressly directs that all litigants, their agents, employees, counsel of record, and said counsel's paralegals, employees, and associates are precluded from using or disseminating the Confidential Information produced in this litigation for any purpose other than this litigation. The Court expressly directs that all litigants, their agents, employees, counsel of record, and said counsel's paralegals, employees, and associates are precluded from producing or providing copies of any documents or materials subject to this Stipulated Protective Order to any print, electronic, or news media representatives, employees, or agents and are prohibited from disclosing any information contained in such documents to those individuals.

13. Any item or information inadvertently furnished by the producing party or nonparty during the course of this litigation without designation of Confidential may nevertheless subsequently be designated as Confidential Information under this Order, but only if counsel for the producing party provides prompt written notice to all receiving parties of the inadvertent production within twenty (20) days after the production and requests that the receiving parties thereafter treat such information as Confidential Information under this Order. No disclosures of such inadvertently produced information shall be deemed to violate this Order if the disclosure is made prior to the receipt of notice of the producing Party's designation of the information as Confidential Information.

14. If a Party desires to use Confidential Information in a filing or proceeding, the party shall either provide reasonable notice (not less than fourteen days before filing said Confidential Information) to opposing counsel of its intention to do so or file a motion to restrict access which must be filed in compliance with D.C.COLO.LCivR 7.2(c). If a Party desires to prevent Confidential Information from being used at trial said Party shall specifically identify the Confidential Information in the Final Pretrial Order, pursuant to D.C.COLO.LCivR 16.3.

Confidential Information shall not be disclosed, shown, or read to any person except as provided herein.

15.     In the event that the parties to this litigation, their counsel, or any parties who have consented to be bound to the terms of this Stipulated Protective Order, knowingly violate the terms or conditions of this Stipulated Protective Order, said individual shall consent to the jurisdiction of the United States District Court for the District of Colorado for the purpose of any contempt proceedings or an action concerning a litigant's rights to injunctive relief as a result of such violations.

16.     Nothing in this Protective Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information in this action.

17.     Nothing in this Protective Order precludes a party from making any use of documents that were lawfully in its possession at the beginning of this lawsuit.

18.     The parties shall have the right to seek modification of this Order from the Court upon showing of good cause.

DATED this 2nd day of April, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

APPROVED AS TO FORM:

_s/ Scott M. Petersen_____  _____
Scott M. Petersen
Melanie S. Grayson
FABIAN & CLENDENIN,

   A Professional Corporation
215 South State Street, Ste. 1200
Salt Lake City, Utah  84111-2323
Telephone: (801) 531-8900
Facsimile: (801) 596-2814
spetersen@fabianlaw.com
mgrayson@fabianlaw.com

Vance O. Knapp
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Telephone: (303) 299-8162
Facsimile: (303) 298-0940
vknapp@shermanhoward.com

*Attorneys for Defendant SkyWest Airlines, Inc.*


s/ Donna Dell'Olio
Donna Dell'Olio, #10887
Cornish &Dell'Olio, P.C.
431 N. Cascade Avenue, Ste. 1
Colorado Springs, CO 80903
Telephone: (719) 475-1204
Facsimile: (719) 475-1264
ddellolio@cornishanddellolio.com

*Attorney for Plaintiff Katherine Divis*


4838-7974-0194, v.  1